UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JÉSUS ADRIÁN CONTRERAS
VARGAS,

       Petitioner,

v.

WARDEN, ST. CLAIR COUNTY
JAIL, *et al.*,

       Respondents.

_____/

Case No. 26-10457

F. Kay Behm
U.S. District Judge

**ORDER DENYING MOTION TO STRIKE (ECF No. 10), MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2), MOTION FOR IMMEDIATE RELEASE (ECF No. 4), MOTION TO EXPEDITE (ECF No. 3)**

Respondents have filed a motion to strike the Petition for Habeas Corpus on the grounds that a nonlawyer has filed this suit on behalf of the named petitioner, which in their view is impermissible.  ECF No. 10.  As a preliminary matter, the Court must determine whether Orliany Darley Pernia Alvarado may proceed as "next friend" of Petitioner.  A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend."  28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989).

1

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted).  Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).  The *Whitmore* Court noted that the next friend might demonstrate her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party.

*Whitmore*, 495 U.S. at 164.  The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court."  *Id.* (citations omitted).  Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id.* at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)).  The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[ ] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  *Whitmore*, 495 U.S. at 155–56 (citation omitted).

Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

3

In this action, the court concludes that the petition and attached document adequately demonstrate that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited legal resources.  Moreover, Orliany Darly Pernia Alvarado, Petitioner's spouse, has demonstrated both a significant relationship with Petitioner, and that they are truly dedicated to acting in Petitioner's best interests.  Fellow judges in this state have concluded that similar circumstances warrant next friend status in this kind of case.  *See Llovera Martinez as next friend to Graterol Perez v. U.S. Department of Homeland Security*, No. 1:26-CV-945, 2026 WL 914733, at *1–2 (W.D. Mich. Apr. 3, 2026) (Beckering, J.) (granting next friend status); *Becerra-Lugo proceeding by his next friend Beccera Lugo v. Warden, N. Lake Corr. Facility*, No. 1:26-CV-536, 2026 WL 693170, at *2 (W.D. Mich. Mar. 12, 2026) (Maloney, J.) (the same); *Sabillon as Next Friend of Lopez Cardona v. Unknown Party*, No. 2:26-CV-40, 2026 WL 632655, at *2 (W.D. Mich. Mar. 6, 2026) (Jarbou, J.) (same).

Accordingly, the Court will permit Orliany Darley Pernia Alvarado to proceed as next friend to Petitioner.  Respondents are **ORDERED** to file a substantive response to the Petition **within three**

4

**days of entry of this order**. Petitioner shall have seven days after the response brief is filed to file a reply brief.

Petitioner's motions for immediate release (ECF No. 4), and to expedite decision (ECF No. 3) are each **DENIED** because they seek the same relief as the Petition itself, and the court has issued orders herein to reach the merits of that Petition forthwith. Petitioner's motion for temporary restraining order enjoining his transfer (ECF No. 2) is **DENIED** as moot; such an order was entered on the docket. However, Petitioner is **ORDERED** to respond to Respondents' motion to vacate that order enjoining his transfer (ECF No. 14), in writing and within 14 days.

**SO ORDERED**.

Date: April 17, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge